IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMF HOLDINGS, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | 1:15-cv-03916-MHC |
| | ) | |
| LAUREYNN MARIE ELIE, | ) | |
| MARIE C. GELIN and | ) | |
| PRENTICE L. FLOYD, | ) | |
| | ) | |
|     Defendants. | ) | |
| PRENTICE L. FLOYD, | ) | |
| | ) | |
|     Cross Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAUREYNN M. ELIE, | ) | |
| and MARIE C. GELIN, | ) | |
| | ) | |
|     Cross Defendants. | ) | |

_____

**LAUREYNN ELIE'S MOTION FOR PRELIMINARY INJUNCTION TO STAY STATE COURT PROCEEDINGS INITIATED BY PLAINTIFF AMF HOLDINGS, LLC**

    Defendant Laureynn M. Elie (hereinafter "Elie") requests that this Court enter an order staying two state court proceedings that have been initiated by AMF Holdings, LLC. In support of the same, Elie shows this Court as follows:

1.

AMF Holdings, LLC (hereinafter "AMF") is the Plaintiff in the above-styled case.

2.

The instant suit was initiated in this Court on or about November 2015, when AMF removed the matter from Fulton County Superior Court.

3.

On or about May 2016, AMF amended its answer to add a counterclaim and a third-party complaint in the instant action, which put forth an array of issues, claims, and causes of actions in this Court, whereby giving this Court jurisdiction over the claims.

4.

Despite AMF initiating its claims in this Court, being named the plaintiff in the action, and proceeding to trial on all of those issues in this Court, AMF foreclosed on the subject property on or about September 2016, and on or about October 2016, and November 2, 2016 AMF initiated two additional cases, which contain issues that AMF sought for this Court to decide.

5.

The two additional state court cases that AMF initiated, which infringe on this Court's authority and jurisdiction, have wreaked havoc on this litigation regarding this Court's jurisdictional claims, and the two cases and bad faith by AMF have exponentially drove up litigation costs for all parties.

6.

The parties have failed to engage in any meaningful settlement discussions, (after months of progress regarding the same prior to the initiation of the other two suits), and the parties have failed to comply with the federal rules, failed to comply with this Court's orders, and have failed to hold the required settlement conference.

7.

AMF has acted in bad faith regarding the two litigations.  AMF has hired additional lawyers to file motions, seek *ex parte* relief from the state court staff attorneys, and request unnecessary hearings, yet move for 9-15-14 fees against Ms. Elie.[1]

---

[1] AMF has made it clear that it would seek "sanctions" (without any legal or factual basis) against Elie and her counsel if her counsel sought to advocate for Elie in any of the proceedings.  Counsel for Elie was strongly questioned by this Court during a telephonic conference call as to why no motions were filed.  AMF has made it abundantly clear with threats that any additional legal fees would be sought against Elie.  Despite Elie's attempts to settle the case, without seeking any additional relief from the courts, as settlement seemed reasonable and imminent, AMF has decided to litigate their claims in two more courts, threaten Elie with more fees if she sought to defend, and have completely disengaged in settlement discussions due to the other two cases, which have stalled the present, instant case.

8.

One of AMF's new counsel has requested relief in the Superior Court, which infringes on the State Court's jurisdiction, and all of the relief sought, claims, and causes of actions infringe upon this Court's jurisdiction.

9.

The cases are nothing more than a second attempt at discovery, engagement of impermissible discovery, and initiated to harass, and out-spend Ms. Elie, and in-turn try to hold her liable for the unnecessary litigation.

10.

There are hearings (or trials scheduled to be) set in all three Courts.  Elie is entitled to litigate her claims before the original court, which is this Court, without interference on this Court's jurisdiction.

11.

Elie requests that this Court allow for oral argument, or ruling on brief after a temporary stay is put in place, so that Elie is not relitigating the same issues in three courts.

WHEREFORE, Defendant respectfully prays as follows:

(1) That her Motion for a Preliminary Injunction be granted;

(2) That an immediate order issue granting a stay and scheduling a hearing, and or allowing counsel to file briefs regarding the issues; and

(3) That this Court award Defendant Elie attorney's fees for AMF's bad faith litigation tactics, expenses, and any other such relief it deems proper under the circumstances.

**Respectfully submitted this 6th day of April, 2017.**

        Krystal M. Moore, LLC

By:   /s/ Krystal M. Moore
        Krystal M. Moore
        Georgia State Bar No. 452370
        Email: Krystal@attymoore.com

*Counsel for Defendant Laureynn M. Elie*

## **CERTIFICATION OF TYPEFACE COMPLIANCE**

Pursuant to LR 7.1(D), NDGa., counsel for Defendant Laureynn Elie hereby certifies that this Motion has been prepared with one of the font and point selections approved by the Court in LR 5.1(C), NDGa.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing Motion for Preliminary Injunction with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing upon Counsel of Record.

Dated:   April 6, 2017

                Krystal M. Moore, LLC

By:   /s/ Krystal M. Moore
Krystal M. Moore
Georgia State Bar No. 452370
P.O. Box 55012
Atlanta, Georgia 30308
Tel: (404) 423-4272
Email: Krystal@attymoore.com

*Counsel for Defendant Laureynn Elie*